UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CICCONE,

      Plaintiff,                                          Case No. 08-12973

v.                                                                Honorable John Corbett O'Meara

HOME DEPOT USA, INC., d/b/a HOME
DEPOT,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MAY 21, 2009
### MOTION FOR SUMMARY JUDGMENT

This matter came before the court on defendant Home Depot's May 21, 2009 motion for

summary judgment.  Plaintiff Jerry Ciccone filed a response June 4, 2009; and Defendant filed a

reply June 16, 2009.  Oral argument was heard July 23, 2009.

### BACKGROUND FACTS

Defendant Home Depot owns a home improvement store in Taylor, Michigan.  On March 6,

2008, plaintiff Jerry Ciccone exited the store and fell on black ice a few feet from the door.  It had

snowed the previous day, and earlier in the morning a crew had cleared snow from the parking lot.

It had not, however, snowed on the morning of March 6.

The store has three means of entry/exit: one for contractors, one near the returns counter, and

one near the self checkout registers.  Plaintiff entered the store through the door near the returns

counter and exited through the one near the self checkout registers.

Plaintiff's fall injured his shoulder to the extent surgery was required to repair it.  He filed this negligence action against Defendant in the Circuit Court for the County of Wayne, and the matter was removed to this court on the basis of diversity of citizenship.

**LAW AND ANALYSIS**

To establish negligence, a plaintiff must prove the following: 1) defendant owed plaintiff a legal duty; 2) defendant breached that duty; 3) the breach was the cause of the injury suffered; and 4) damages.  Schultz v. Consumer Power Co., 443 Mich. 445, 449 (1993).  In general, a premises owner owes a legal duty to a business invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the premises.  Bertrand v. Alan Ford, Inc., 449 Mich. 606 (1995).  However, "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discovery them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee."  Riddle v. McLouth Steel Prod. Corp., 440 Mich. 85, 96 (1992).

In a case involving black ice, the Michigan Supreme Court has held that snow and ice are considered open and obvious dangers as a matter of law.  Kenny v. Kaatz Funeral Home, Inc., 472 Mich. 929 (2005). Plaintiff Kenny had argued that the open and obvious danger doctrine did not apply to her circumstances because the black ice took on the color of the asphalt pavement beneath it and was not easily visible on casual inspection.  The court ultimately held, however, that because Kenny, at 79 years old, had lived in Michigan all her life and had witnessed many snowfalls, she should have been aware that ice frequently forms beneath snow during snowy December nights. The court rejected the argument that there was any special aspect about black ice that made it unreasonably dangerous.

2

Recently, in <u>Slaughter v. Blarney Castle Oil Co.</u>, 281 Mich. App. 474 (2008), the Michigan Court of Appeals carved out a narrow exception to the <u>Kenny</u> decision.  The <u>Slaughter</u> court held that black ice is not open and obvious only if there are "no other indicators" to tip off the plaintiff about the condition.  Therefore, the issue is whether there are other indicators that black ice could be forming.  If other indicators are present, the plaintiff should have foreseen that mist, snow and freezing temperatures could lead to the formation of black ice.

In this case, it snowed the day before the accident.  A snow removal company had plowed the lot early in the morning, and the weather conditions were cold and damp.  Plaintiff is a lifelong resident of Michigan and has testified that he is aware that black ice can form in colder months.

Plaintiff also argues there are "special aspects" to this case, that is, that there was "no real alternative route" that was available for him to exit the store.  Notably, however, Plaintiff did not exit the store through the same doors which he had entered the store.  Therefore, he was not forced to use the exit he chose to use.

Finally, Plaintiff claims Home Depot had actual or constructive notice of the existence of black ice on its sidewalk that day.  However, Plaintiff has no evidence to show that anyone else had fallen on the black ice before he did, that any employee of Home Depot knew of the existence of the black ice, or that the black ice had been on the ground for any length of time.  Accordingly, defendant Home Depot is entitled to summary judgment.

## ORDER

It hereby **ORDERED** that defendant Home Depot's May 21, 2009 motion for summary judgment is **GRANTED.**


s/John Corbett O'Meara
United States District Judge


Date:  August 4, 2009




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 4, 2009, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager